UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

JERALD STUART CARLSON,

                Defendant.

No. CR-09-00045-JLQ

**MEMORANDUM OPINION and ORDER ON MOTION TO TERMINATE SUPERVISED RELEASE**

On February 18, 2009, the Defendant, Jerald Stuart Carlson, was indicted in this court on four controlled substance counts. After innumerable continuances, the Defendant, on January 29, 2010, entered a plea of guilty to Count 3 of the Superseding Indictment charging Attempt To Possess With Intent to Distribute more than 500 grams of pure cocaine.

The Presentence Report established that federal law required a mandatory minimum sentence of not less than 5 years imprisonment. The Guideline Sentencing Range was calculated as 37-46 months imprisonment to be followed by not less than 3 years of Supervised Release. After numerous sentencing date continuances the Defendant was sentenced by the undersigned on August 2, 2010 to imprisonment for a term of 27 months to be followed by 4 years of Supervised Release. The sentence imposed of 27 months custody and 48 months of Supervised Release totaled 75 months. From the commencement of service of the sentence on September 14, 2010 to date, only 48 months of the 75 month total sentence has been served.

The court determined that the mandatory minimum sentence of 5 years imprisonment would not be applied by reason of the so-called "safety valve" provisions of the United States Code and Sentencing Guidelines. However, the Guideline range

ORDER - 1

remained at 37-46 months. The court exercised its discretion and applied lenity in only imposing a sentence of 27 months imprisonment followed by 4 years of Supervised Release. The Defendant actually served only 19 ½ months in custody. The Defendant was released from custody on May 1, 2012, at which time the 4 year term of Supervised Release portion of the sentence commenced. If the Defendant continues to comply with all the conditions of Supervised Release as imposed by the court, the Supervised Release portion of his sentence will expire on April 30, 2016.

On May 2, 2014, after expiration of 2 of the 4 year term of Supervised Release, the Defendant filed a Motion To Appoint the Federal Defenders (ECF 70) to pursue early termination of his Supervised Release followed by another similar Motion (ECF 72) on May 30, 2014. The Motion For Appointment of counsel was denied by reason of the still pending representation of the Defendant by retained counsel, who subsequently withdrew his appearance. The Defendant has since proceeded *pro se* on the termination motion with the help of family members. The court ordered a response to the Defendant's Motion To Terminate by the United States Attorney's office. That Response (ECF 80) stated that "the Government does not believe the defendant has shown sufficient basis for terminating his supervised release early." The court has asked for and received a report from the court's United States Probation Office. That report is favorable and states that the Defendant has done well on supervision and has no known violations.

Despite having presided over hundreds of sentencing hearings since that of the Defendant in Coeur d' Alene, Idaho on August 2, 2010, the court distinctly recalls Mr. Carlson from that hearing. At sentencing the court was left with an abiding conviction, based on the Defendants body language and conduct, that the Defendant lacked contrition for his ongoing criminal acts and that his acceptance of responsibility was a legal position rather than acceptance in truth and intent. Despite the impression the Defendant left the court with at the sentencing hearing, the record reflects that Mr. Carlson has now truly accepted responsibility for his wrongdoing and has fully complied with all of the

ORDER - 2

conditions of his Supervised Release. He is participating in AA/NA meetings on an ongoing basis including counseling with others at risk by reason of addictions. For his actions while on Supervised Release Mr. Carlson is commended by the court.

The primary reason for the Defendant seeking early termination of his Supervised Release is that handwritten statement that "I can't get direct appointments with any insurance companies while on Supervised Release." No documentary evidence of such actions has been supplied. The court can only assume that the Defendant's felonious conduct and conviction, rather than the non-custodial Supervised Release, is the basis for any adverse action by insurance companies. However, should documentary and factual evidence be furnished to the court that early termination of the Defendant's Supervised Release would result in his appointment by insurance companies now withholding such appointment by reason of the Supervised Release, the court will reconsider this decision denying the termination request at this time.

While the court has denied the Defendant's termination request at this time if, on May 1, 2015, Mr. Carlson is still in full compliance with all the conditions of his Supervised Release, by reason of Mr. Carlson's apparent rehabilitation and conduct, the court may well look with favor on the request, if a new Motion To Terminate is then filed.

The Motions To Appoint and Terminate (ECF 70 & 72) are DENIED with leave to renew.

The Clerk shall enter this Order and furnish copies to counsel and to the Defendant at his last filed address.

Dated this 14th day of October , 2014.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3